IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RAYMOND WILLIAMS, JR.**                                                           **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 1:07cv1034-RHW**

**RICHARD FRANCABANDERA and**
**DERECK BLANKINCHIP**                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court are [35] and [37] motions for summary judgment and qualified immunity filed October 30, 2008 by Defendants Richard Francabandera and Dereck Blankinchip. Plaintiff's response to the motions was due by November 17, 2008,[1] but Plaintiff has neither responded, nor requested any extension of time to respond to the motions. Despite Plaintiff's lack of a response, the Court must address the motions on the merits as they are dispositive in nature. Local Rule 7.2(C)(2).

### Procedural History

On August 27, 2007, Raymond Williams, Jr. filed this 42 U.S.C. § 1983 prisoner's civil rights lawsuit, claiming Officers Richard Francabandera and Dereck Blankinchip violated his constitutional rights by using excessive force during an altercation at the Harrison County Adult Detention Center (HCADC) on August 4, 2007. Williams was confined at the HCADC awaiting trial on a burglary charge. By the time of the omnibus/screening hearing which the Court conducted on February 27, 2008, Williams had pled guilty and been sentenced to serve seven

---

[1]Local Rule 7.2(C) and (D), *Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*.

years in custody of the Mississippi Department of Corrections (MDOC) on the burglary charge.[2] At the February 27, 2008 hearing, all parties consented to jurisdiction by the U.S. Magistrate Judge [19] pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the case was reassigned to the undersigned for all purposes by order [21] entered February 28, 2008.

## The Facts

On August 4, 2007, Sgt. Dereck Blankinchip was the floor Corrections Officer (CO) assigned to B-Block, D-Section of the HCADC, and CO Richard Francabandera was assigned to medication distribution with Nurse Jenny White in the section. Plaintiff Raymond Williams, Jr. was an inmate housed in cell 124 of B-Block, D-Section. There was no door to the tray-hole in cell 124. As Nurse White and Francabandera passed by Williams' cell, Williams was standing at the door looking at Nurse White. He had his penis in his hands, and was masturbating and displaying his penis through the tray-hole. Francabandera told Williams to get dressed and move to the back of his cell. As Nurse White continued dispensing medications to inmates, Williams began yelling, "I would f*** you." Again, Francabandera told Williams to get dressed. In his deposition, Williams admitted he probably was masturbating, but said it was not directed at Nurse White, that one could see into his cell through the open tray-hole.

Nurse White told Sgt. Blankinchip about Williams' behavior, and after the nurse completed dispensing medications and left the section, Blankinchip told Francabandera they needed to move Williams to cell 123 which had a functioning tray-hole door which could be

---

[2] In his deposition, Plaintiff states he pled guilty to the burglary charge on October 31, 2007 and was released. In his answers to Defendants' interrogatories, Williams stated he was sentenced to seven years suspended with three years probation , but the probation was revoked y 14, Williams indicated he had a pending charge, "transfer cocaine base". The MDOC website indicates Williams is serving a seven-year sentence for burglary and a five-year sentence for sale of a controlled substance.

2

locked to prevent Williams from so exposing himself in the future.  The two officers went to Williams' cell.  Sgt. Blankinchip opened Williams' cell door and several times told Williams to move to the next cell, # 123.  Williams admitted the officers came and told him "a few times" to move to the other cell.  He concedes he was asked at least four times to go into the cell [37-8, p. 6], but claims it was his right to talk to the watch commander before complying.  Williams did not comply with the order, and after the final instruction to move to the next cell, he rushed past Sgt. Blankinchip into the foyer area of B-Block, D-Section, and ran at CO Francabandera, who was standing by the foyer doorway, pushing at Francabandera and trying to knock him out of the way as he (Williams) tried to get past Francabandera and through the doorway.  Francabandera ordered Williams to step away from him, and Sgt. Blankinchip told Williams to go back to his cell.  Williams then stepped back, raised his arms, clenched his fists and rushed at Francabandera again, requiring Francabandera to raise his own arms to protect himself.

    The officers attempted to restrain Williams to restore order and safety, but Williams resisted, continued to be combative and ignored the officers' orders.  Blankinchip and Francabandera got Williams to the floor, as other officers arrived on the scene to assist them in subduing Williams.  The B-Block tower officer, Charlotte Nielsen, seeing Williams refusing Blankinchip and Francabandera's orders to return to his cell and pushing Francabandera, had radioed for backup assistance for Blankinchip and Francabandera.  Lt. Thomas, Captains Lege and Taylor, Sgt. Johnson, and Deputies Jackson and Walker responded to the call.  Lt. Thomas is the officer who actually got the handcuffs on Williams.  Williams admits the incident would not have occurred had he simply moved into the cell as the officers requested.

According to Williams, when he fell on the floor, he hit his face and broke a tooth,[3] and that the officers pulled his hair out. However, after the incident, the officers called medical, and Nurse Paula Quinn performed a medical screening on Williams. Nurse Quinn's affidavit states Williams complained of minor injuries and pain to his right side and neck, that he complained of no injury to his mouth, including a loose or broken tooth, nor did he complain of his hair being pulled out. Nurse Quinn saw no signs of any such injuries, and stated Williams required no emergency medical treatment. CO Neilsen, Lt. Thomas and Capt. Lege also observed no physical signs of an assault on Williams, and Capt. Lege states that after Williams was evaluated by medical, she tried to talk to him, but that Williams continued to yell and threaten Francabandera and Blankinchip.

Plaintiff's medical records reflect no request for any dental or medical treatment for injuries sustained in the altercation on August 4, 2007. Plaintiff's substantial jail medical records mention dental care/problems only twice: in May 2007, three months *before* the August 4, 2007 incident, the records show that Plaintiff received pain medications for complaints of a tooth ache and "3 tooth (*sic*) need to be pull (*sic*)" [37-15, p. 3]; and on "12/12 I/M (inmate) c/o (complained of) dental pain" [37-16, p. 6]. There is no mention at all in the records regarding any injury from hair being pulled out.

Summary Judgment Standard

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law.

Rule 56(c) mandates the entry of summary judgment, after adequate time for

---

[3] In his deposition, Plaintiff stated when he got up off the floor he "recognized" his teeth had broken loose. [37-8, p. 11]

> discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). On a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). Rule 56(e) provides in part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading, rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. <u>If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.</u>

Fed. R. Civ. P. 56 (e)(2) (emphasis added). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir.), *cert. denied*, 506 U.S. 973, 113 S. Ct. 462, 121 L. Ed. 2d 371 (1992).

The moving party must show the absence of a genuine issue of material fact by affidavit or other evidentiary materials. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 n.2, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). For the Court to find there are no genuine material factual issues, the Court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the

nonmoving party is insufficient to enable a reasonable jury to return a verdict for him. *Anderson v. Liberty Lobby,* 477 U.S. 242, 249-50, 106 S. Ct. at 2510-11 (1986).

If the movant meets his burden by proving the absence of a genuine issue of material fact, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex*, 477 U. S. at 325, 106 S. Ct. at 2553-54. The nonmovant cannot discharge this burden by referring to the mere allegations or denials of his pleadings, but must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists. See *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); Fed. R.Civ. P. 56(e). If the nonmovant fails to present evidence showing a genuine issue of material facts exists, "the summary judgment motion must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

<u>Excessive Force</u>

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. To prove a violation under the Eighth Amendment, the plaintiff must show that the defendants unnecessarily and wantonly inflicted pain on him. The issue here is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 998 (1992), citing *Whitley v. Albers*, 475 U.S. 312, 320-321, 106 S.Ct. 1078, 1084-1085 (1986). The determination of this issue involves a subjective analysis of the defendants and their state of mind at the time. To act "maliciously" means to intentionally do a

6

wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show an evil intent. Factors considered in determining whether jail officers' actions unnecessarily and wantonly inflicted pain on a prisoner include (1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury suffered, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the forceful response. *Whitley v. Albers*, 106 S.Ct. at 1085. Applying these factors to the case at bar leads the Court to conclude that Plaintiff has failed to carry his burden of showing a genuine issue of material fact as to whether Francabandera and Blankinchip violated his constitutional rights.

    It is undisputed that the officers went to Plaintiff's cell to move him to another cell with a functioning tray-hold door to prevent him from exhibiting himself to others in the jail, that they repeatedly told Plaintiff to move to the next cell, and that Plaintiff repeatedly refused to do so. Plaintiff admits the incident would not have happened if he had simply obeyed and moved into the cell. Instead, the situation escalated when Plaintiff rushed from his cell at Officer Francabandera, pushing at the officer several times, and raising his fists as he tried to get past Francabandera, before the officers used force on Plaintiff. The force used by the officers to restrain Plaintiff, and get him back into his cell was reasonable under the circumstances, and Plaintiff sustained minor injuries according to medical personnel who examined him immediately after the altercation and other officers on the scene. He complained of no injury to his mouth or teeth, or to his head from having hair pulled out, no such injuries were observed by the examining nurse or others present, and Williams requested no medical attention for any injury allegedly sustained in the fray. The evidence before the Court shows no malicious intent

on the part of the officers. The Court is therefore of the opinion that Plaintiff has failed to show a constitutional violation on his claim of excessive force.

## Qualified Immunity

Law enforcement officers are entitled to assert the defense of qualified immunity for all acts and omissions which occur in the course of their official duties. *Gagne v. City of Galveston*, 805 F.2d 558, 559 (5th Cir. 1986). Plaintiff testified in his deposition that he is suing Francabandera and Blankinchip in their individual capacities.[4] The evidence before the Court clearly shows the officers were acting in the course of their official duties as they attempted to move Plaintiff from one cell to another. Plaintiff asserted that the officers used excessive force in trying to effect the move. While the Court is of the opinion that Plaintiff has failed to show the officers used excessive force, even if the evidence were sufficient to establish a constitutional violation, the Court would find the officers entitled to qualified immunity, because their conduct in this case was objectively reasonable under the circumstances.

The evidence presented to this Court shows that Officers Francabandera and Blankinchip were faced with a non-compliant, argumentative, increasingly aggressive inmate who refused to go into the cell as ordered, and that the officers acted in good faith as they attempted to restrain Williams and put him in the cell. Williams has presented no evidence to show otherwise and has failed to carry his burden to negate the officers' qualified immunity defense. See, *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992). Officer Neilsen, who observed the entire incident, and Lt. Thomas and Capt. Lege, who arrived to assist Francabandera and Blankinchip in subduing Williams, all stated in their affidavits that they saw no use of more force than was

---

[4] Plaintiff did not sue the governmental entity which employs the officers.

necessary to regain control and maintain safety in the cell block.  "If reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to immunity." *Id.*, 980 F.2d at 310 (citing *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992).  It is therefore,

**ORDERED AND ADJUDGED**, that the Defendants' motions for summary judgment and qualified immunity are granted, and judgment shall be entered in favor of both Defendants.

SO ORDERED, this the 24th day of August, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE